.AULTMAN, MILLER & COMPANY v. HENRY KNAPP.

*Sale—Warranty—Acceptance.*

Defendant gave plaintiff an order for a mowing machine, which plaintiff warranted to be well made and of good material. When the machine was delivered to the defendant he refused to accept it on the ground that it was defective, and in a suit to recover the purchase price offered evidence tending to establish that fact. And it is held that, if the jury believed the testimony of the defendant, it would have been their duty, under a charge to that effect, to return a verdict in his favor, as he could not be compelled to accept and pay for an imperfect machine, and one which did not comply with the contract.

Error to Grand Traverse. (Corbett, J.) Argued April 5, 1895. Decided April 30, 1895.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Umlor & Pulcipher*, for appellant.

*Pratt & Davis*, for defendant.

LONG, J. Defendant purchased a mowing machine of plaintiff through its agent, Mr. Dobson. The order given for the machine contained the following warranty and agreement, signed by plaintiff:

"The Buckeye machine, for which the within order is given, is warranted to be well made, of good material, and, if properly managed, to do good work. The purchaser shall have one day in the harvest field to give it a fair trial, and agrees to see that the machine is properly managed. In case the machine does not do good work, the purchaser is to give written notice, both to the agent from whom he received the machine, and to Ault-

man, Miller & Co., Akron, Ohio, stating wherein it fails, and shall allow reasonable time to get to it and remedy the defects, if any; and the purchaser shall render necessary and friendly assistance to the person sent to look after the machine, and shall furnish a suitable team for making further test of the machine, and, if it cannot be made to do good work, he shall return it to the place where he received it, free of charge, in as good condition as when received, excepting natural wear, and a new machine will be given in its place, or the money will be refunded. Continued possession of the machine, or failure to give notice as above, shall be conclusive evidence that the machine fills the warranty; and no one has any authority to change this warranty in any manner whatever."

Plaintiff gave evidence tending to show that the defendant received the machine at Kingsley station, took it home, and set it up, and that a few days thereafter plaintiff's agent went to his place, and further assisted him in putting it up. At that time the defendant noticed a crack in the casting that regulates the tilting, and called Mr. Dobson's attention to it, who replied that it was not sufficient to injure the machine in any way; that he should go on and use it, and, if it ever broke or troubled him, to let him (Dobson) know, and he would replace it with a new one. It appears that the defendant tried it for one day, and, as defendant admits, found it to work well, except that it was broken. He then set it aside, and never used it again. This was in June.

Defendant gave testimony upon the trial tending to show that, at the time Dobson came to put the machine in order, he told him he could not accept it as it was. Defendant testified:

"I told him I would not accept the machine until it was made right. He stated: 'You go on and use it, and, if it ever bothers you, I will replace any piece.' I says: 'That won't do. If I go to the field with the hands to work, it will trouble me more than the whole thing is worth. I will not accept it till it is fixed at once.' I

tried the machine a day. She satisfied me on the work part, but not on the breakage."

No new piece was ever furnished for the machine in place of the broken part. Mr. Dobson called on the defendant in September to have him sign notes for the machine, but this was never done.

The court instructed the jury substantially that if the machine was well made, and of good material, and, when properly managed, did good work, they should find a verdict for the plaintiff; but if it was not a perfect machine, and did not come within the waranty, but was cracked and defective, the plaintiff could not recover till it had delivered within a reasonable time a perfect machine, or had remedied the defect. The jury returned a verdict in favor of defendant.

It is insisted by plaintiff:

1. That the defendant, under the plea of the general issue, could not show a breach of the warranty.

2. That, because the defendant accepted and gave the machine a trial after calling the attention of Mr. Dobson to the defect, by so doing he lost his right to refuse to take the machine because of the breach of the warranty, and that he is therefore liable for the purchase price.

3. That the defendant should have notified the plaintiff or its agent within a reasonable time after testing the machine, stating wherein the machine failed to work, and of his refusal to accept it.

4. That defendant failed to return the machine, and that he cannot retain the possession, and then set up the breach of the warranty in an action to recover the price.

There might be some force in these contentions if there had ever been an acceptance of the machine under the order, and in reliance upon the warranty. But it appears that, when the machine was delivered to the defendant, it was defective. The attention of plaintiff's agent, it is admitted, was called to this defect. Plaintiff contends that the defendant was to use the machine, and, if the defective part gave out, it would furnish a new piece in its place, and that this amounted to an acceptance. It

appears that the plaintiff's agent went to the defendant's place in September, and there learned that the defendant refused to take the machine or use it. He attempted to make a settlement and get the defendant's notes, and admits that defendant refused to settle. He also admits that thereafter the plaintiff company sent him a new piece to supply the defective part, but that he never tendered it to the defendant, or advised him that he had it, but commenced suit to enforce payment for the machine. On the other hand, defendant contends that he never accepted the machine, because it was defective, and that, when the plaintiff's agent came to him first, he told him he would not accept it. The defendant, on the trial, was not relying upon the warranty as a defense to the action. He was relying upon the contract to have delivered to him a perfect machine before he was compelled to accept, and, not having accepted it, he was not compelled to receive and pay for it until it was made perfect. In this view of the case, the charge was more favorable to the plaintiff than it was entitled to under the defendant's theory, for it appeared conclusively that no effort had ever been made to remedy the defect. If the jury believed the testimony of the defendant that he refused to accept the machine, it would have been their duty, under a charge to that effect, to return a verdict in his favor, as he could not be compelled to accept and pay for an article confessed to be imperfect and not in compliance with the contract. The questions raised by counsel for the plaintiff were therefore wholly immaterial to the case, and, under the facts presented and the theory upon which the case was tried, need not be considered here.

The judgment must be affirmed.

The other Justices concurred.